UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER JOSE JIMENEZ GODOY,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-03679-DAD-AC

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS IN PART AND
DENYING PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER AS
HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On May 13, 2026, petitioner Alexander Jose Jimenez Godoy, A-File No. 245-523-699, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting expedited consideration of his petition for writ of habeas corpus and requesting that the court order that he not be transferred in order for the court to retain jurisdiction. (Doc. No. 2.)

In his verified habeas petition, petitioner alleges the following. Petitioner entered the United States on November 27, 2023. (Doc. No. 1 at 4.) Petitioner was apparently detained shortly after he entered the United States because he was released pursuant to an Order of Release on Recognizance on December 1, 2023. (*Id.* at 5.) Petitioner is pending removal proceedings and

1

does not have a final order of removal.  (*Id.*)  Petitioner also does not have a criminal history.  (*Id.*)  On April 22, 2026, petitioner was re-detained by ICE in front of his apartment.  (*Id.*)  Petitioner has not received an individualized bond hearing to determine the appropriateness of his detention.  (*Id.* at 6.)

On May 13, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 4.)

On May 15, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 7.)  In that opposition, respondents concede that there are no significant factual or legal differences between this case and the cases identified in the court's order.  (*Id.* at 1.)  Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also state in their opposition that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (Doc. No. 7 at 1.)

In light of the allegation that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

      a.      Respondents are ORDERED to immediately release petitioner Alexander Jose Jimenez Godoy, A-File No. 245-523-699, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on April 22, 2026;

2

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

   c.   Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to his bringing of a properly noticed and supported motion;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3.   The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3